```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION


MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY                                         PLAINTIFF


VS.                                    CIVIL ACTION NO. 3:04CV811LN


JENNIFER I. ORME                                          DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on defendant Jennifer I. Orme's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Mississippi Farm Bureau Casualty Insurance Company (Farm Bureau) has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that defendant's motion is well taken and should be granted.[1]

This case stems from an October 17, 1997 automobile accident that occurred when a vehicle in which Tommy Vaughn was a passenger was rear-ended by the vehicle of Jennifer Orme. Orme had a liability insurance policy with State Farm Insurance Company which provided coverage limits of $100,000; Vaughn was covered under a Farm Bureau policy which provided uninsured/underinsured motorist (UM) limits of $450,000. State Farm paid for the property damage

---

[1] There is also pending a motion to dismiss for alleged discovery violations pursuant to Rule 37 of the Federal Rules of Civil Procedure. Because the court concludes that summary judgment is in order, that motion is moot.

to Vaughn's vehicle, and apparently made some payments for injuries to other occupants of the Vaughn vehicle, but it made no payments initially for any injuries sustained by Vaughn.

Two years after the accident, in July 1999, Vaughn made a claim with Farm Bureau under his UM coverage, following which Farm Bureau put State Farm on notice that it would seek subrogation in the event it had to pay under its policy due to Orme's negligence. Meanwhile, Farm Bureau began investigating Vaughn's claim.  Farm Bureau states that after receiving some of his medical records and bills, it began to suspect that some of his claimed injuries were not related to the accident with Orme, or that his claims were exaggerated in general.  It explained this to Vaughn when, in August 2000, it made an offer to settle his UM claim for $20,000. Vaughn rejected the offer, and not long thereafter, on October 13, 2000, four days before the three-year statute of limitations would have run on his claims against Orme, Vaughn filed suit against Farm Bureau and Orme in the Circuit Court of Hinds County.  Vaughn served process on Farm Bureau on October 17th, one day before the statute of limitations would have run, but he never served process on Orme.  A year later, in October 2001, Farm Bureau filed a cross-claim against Orme for contractual and/or statutory subrogation; however, like Vaughn, Farm Bureau never served her with process in the case.

Nearly three years later, after discovery in the state court action, Farm Bureau and Vaughan unsuccessfully mediated their dispute. According to Farm Bureau, while the mediation was unsuccessful, it did become apparent during the course of the mediation that at least some of Vaughn's injuries were legitimate and were legitimately related to the Orme accident. As Farm Bureau states in its brief:

> Until very shortly before the mediation, Mr. Vaughn had not produced a complete set of his medical bills or medical records. After Farm Bureau was able to analyze and investigate the complete set of Mr. Vaughn's medical records and bills, which again were produced just prior to mediation, it became obvious to any reasonable person reviewing the evidence that the reasonable value of Mr. Vaughn's claim at that point was $100,000.

Thus, on June 3, 2004, seven years after the accident, Farm Bureau tendered $100,000 to Vaughn under his UM coverage.[2] It then filed the present action on October 4, 2004 seeking "equitable indemnity" from Orme for the $100,000 it paid Vaughn.

A company providing coverage for uninsured or underinsured motorists has a right, by statute, and typically by contract as well, to seek reimbursement from the tortfeasor.[3] To enforce that

---

[2] Indeed, according to Farm Bureau, Vaughn has not only presented evidence of $102,856.19 in special damages related to the accident, but claims additional damages for pain and suffering, mental distress and loss of enjoyment of life.

[3] Mississippi Code Annotated § 83-11-107 states: SUBROGATION. An insurer paying a claim under the endorsement or provisions required by 83-11-101 shall be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury,

3

right, the insurer is entitled to be subrogated to the rights of its injured insured. Jackson v. State Farm Mut. Auto. Ins. Co., 852 So. 2d 641, 644 (Miss. Ct. App. 2003) (citing Miss. Code Ann. § 83-11-107 (Supp. 2002), rev'd on other grounds, 880 So. 2d 336 (Miss. 2004)). This right to seek subrogation is derivative, and as such, as the Mississippi Supreme Court has long recognized, "a subrogated insurer stands in the shoes of its insured, and takes no rights other than those that the insured had, and is subject to all defenses which the third party tort feasor might assert against the insured." Indiana Lumbermen's Mutual Insurance Co. v. Curtis Mathes Mfg. Co., 456 So. 2d 750, 754 (Miss. 1984); see also Jackson v. State Farm Mut. Auto. Ins. Co., 852 So. 2d 641, 644 (Miss. Ct. App. 2003), rev'd on other grounds, xxx (recognizing that insurer's subrogation rights by definition are derivative and that "[t]herefore, the subrogation claim is 'bound by the same statute of limitations, and in the same manner, as a claim by the plaintiff' against the tortfeasor would be."). Farm Bureau thus concedes, as it must, that its rights to contractual and statutory subrogation, being solely derivative of the rights of its insured, are barred by the three-year statute of limitations of Mississippi Code Annotated § 15-1-49.

---

death or damage to the extent that payment was made, including the proceeds recoverable from the assets of the insolvent insurer. . . .

4

Farm Bureau contends, though, that while it is barred from proceeding against Orme for subrogation, it is entitled to proceed against her for "equitable indemnification," which it submits is not derivative and, such claim having accrued at the time of Farm Bureau's payment to Vaughn under its policy, is not time barred. In her motion for summary judgment, Orme argues that Mississippi law does not give an insurer such as Farm Bureau a right to equitable indemnification but rather limits such insurers to recovery according to their subrogation rights, but that even if Mississippi did recognize an equitable indemnity theory of recovery, Farm Bureau could not meet the necessary elements of such a claim under the facts of this case.

Neither the Mississippi Supreme Court nor the Mississippi Court of Appeals has had occasion to consider whether an insurer has a right to proceed against a tortfeasor for equitable indemnification.  Farm Bureau points out, however, that the United States District Court for the Northern District of Mississippi has ventured an Erie-guess that the Mississippi Supreme Court would recognize such a right of recovery. See Coleman v. American Manufacturers Mutual Insurance Co., 930 F. Supp. 255 (N.D. Miss. 1996). Coleman involved an October 3, 1993 accident in which Coleman's vehicle was struck in an intersection by a fire truck operated by the City of Greenville.  When the City refused Coleman's demand for payment for compensation for his injuries on

5

the basis of immunity, Coleman turned to his own insurer, claiming the City's fire truck was an uninsured vehicle under Mississippi's Uninsured Motorist Act. Id. at 261. The claim was denied, following which Coleman filed suit against his sued his insurer, American Manufacturers, which in turn filed a third-party claim for indemnification against the City. The court initially considered whether the City fire truck qualified as an uninsured vehicle under the Uninsured Motorist Act, and, being unable to conclude as a matter of law that it was not, denied the insurer's motion for summary judgment. The court then considered to the City's contention that the insurer's suit against it for indemnification was time-barred.

The court first concluded that the insurer's claim for subrogation was "bound by the same statute of limitations, and in the same manner, as a claim by the plaintiff (Coleman) against the third-party defendant City of Greenville would be." Id. at 261-62. Accordingly, the insurer's subrogation claim against the City by virtue of the accident arose on the same day as the insured's actionable claim against the City, i.e., the date of the accident. As the insurer's third-party complaint against the City was filed more than a year later, its claim for subrogation was time-barred. However, the court, "in consideration of established Mississippi law," opined that the Mississippi Supreme Court would "recognize on behalf of American a right to equitable indemnification, in

addition to a statutory right of subrogation, against the City of Greenville if [Coleman were to recover] a judgment against American." Id. at 263. The court explained that its decision in this regard was driven by the fact that "by the time [Coleman] served process upon [American], American's statutory right to assert a subrogation claim against Greenville had already expired by virtue of the one-year statute of limitations." Id. The court continued, stating,

> The Mississippi legislature intended for UM carriers to have a claim against uninsured motorists to recoup claims by their insureds. American was to a great extent deprived of its subrogation right when Mr. Coleman chose to pursue his claim at a time where American's claim against Greenville had already precluded. Had Mr. Coleman filed suit against American so that American would have had a better opportunity to assert its statutory subrogation rights, equity would not so favor American with a second chance for recoupment.

Id. at 263-64.

With respect, the undersigned finds this reasoning unpersuasive and otherwise finds nothing in precedent from the Mississippi courts to suggest that an insurer may pursue an alleged tortfeasor for "equitable indemnification" if it happens that the tortfeasor has a valid limitations defense against the insurer's claim for subrogation.

Other courts have considered the question presented, and the majority of them have held that the insurer's right to proceed against the tortfeasor lies in subrogation *only*, and that the

7

insurer has no right to seek "equitable indemnification."  Notable among these cases is Great American Insurance Co. v. United States, 575 F.2d 1031 (2d Cir. 1978), in which the Second Circuit confronted this as an issue of first impression, and found that while the question was "novel" and "important," its resolution was "not difficult."  In Great American, as here, the parties agreed that if the insurer's claim was only as subrogee of its insured, then its rights were limited to those of its subrogor and its claims were time-barred.  "The only issue [was] whether [the insurer's] claim arises solely out of its derivative right of subrogation or is supplemented by an independent claim for indemnification."  Id. at 1033.

Likewise, in Great American, as here, and as in Coleman, the insurer argued that it was unjust to deprive it of its right to pursue indemnification since by the time its subrogation remedy accrued, the statute of limitation had already run.  The court was unpersuaded, stating,

> This of course is true in many cases if the insurer resists any claim by reason of . . . whatever defense it may choose to rely up, it always runs the risk that its delay will permit the statute to run. ... Presumably, [the insurer] recognizes that any delay may jeopardize its right to obtain indemnity from a third party by reason of statutory time bars.  If these prove to be onerous the remedy is legislative and certainly not the judicial creation of the unprecedented remedy urged upon us.

Id. at 1035.  See also Rock Island Bank v. Aetna Cas. & Sur. Co., 692 F.2d 1100 (7th Cir. 1982) (finding that insurer whose

8

subrogation claim was barred by expiration of limitations period had no independent cause of action against tortfeasor for indemnification); <u>Jones v. Georgia Cas. Co.</u>, 218 Wis. 2d 790, 582 N.W.2d 110 (Wis. Ct. App. 1998) (agreeing with "clear majority of cases" that "equitable indemnity does not permit an insurer to collect from a wrongdoer," but "[r]ather, the insurer's right to indemnity from a wrongdoer is fixed solely by its subrogation rights").

The Mississippi courts have clearly recognized the equitable nature of subrogation, <u>see</u> <u>St. Paul Property and Liability Ins. Co. v. Nance</u>, 577 So. 2d 1238, 1240 (Miss. 1991) (stating that "[t]he law of subrogation is of ancient and equitable origins"), and yet, as Orme points out, they have never allowed the equitable nature of subrogation to give an insurer greater rights that those of its own insured. <u>See</u> <u>id</u>. Indeed, in <u>Nance</u>, where the insurer paid UM benefits to its insured but was nevertheless held to be barred from proceeding against the tortfeasor for subrogation based on its insured's having executed a release with the tortfeasor, the Supreme Court commented that,

> [w]ithout question, the legislature could have written [the subrogation] statute to provide that the subrogation rights of a UM carrier acquired upon payment of a UM claim be exempt from defenses, but the question is whether it did. . .  Nothing in the statute provides for an enlargement of [its insured's] rights.

9

Id. at 1241.[4]

In short, the court is of the opinion that an insurer's right to subrogation does not transform into a right to "equitable indemnification" merely because the limitations period has run on its subrogation right, even where the limitations period expires owing to no fault of the insurer.  Accordingly, the court concludes that Orme's motion for summary judgment is well taken and should be granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 7th day of March, 2006.

    /s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[4]   Indeed, as Orme aptly observes, if an insurer need only invoke general principles of equity as the authority for a suit to recover amounts paid under its uninsured motorist coverage, Mississippi Code Annotated § 83-11-107 and policy provisions providing for subrogation rights would be entirely superfluous. As Orme puts it,
> If Farm Bureau has a right of equitable recovery (under common law), . . . why would Farm Bureau include the more restrictive subrogation language in its policy? And why would the Mississippi legislature enact a statute granting subrogation rights to insurers unless the legislature was either (1) granting them more rights than they already had (i.e., there was no existing indemnity right) or (2) intended to replace the rights of equitable indemnity with only a right of statutory subrogation?

10